### JAMES FALLON *vs.* PATRICK McALONEN *et als.*

Under the Rhode Island statutes, a married woman can create a charge on her realty by executory contract, only by incorporating such contract in a deed executed jointly by herself and husband, and acknowledged by her as the statutes prescribe.

A married woman cannot bind her realty by a contract made directly with her husband.

BILL IN EQUITY to establish a lien on realty and for an injunction. On demurrer to the bill.

*January 23, 1886.* DURFEE, C. J. This is a suit in equity heard on demurrer to the bill. The bill alleges that on January 12, 1871, the complainant was married to Mary Barker, of Providence, R. I.; that said Mary died September 14, 1884, never having had issue by him; that said Mary at the time of their marriage owned in fee certain real estate in Providence, subject to a mortgage for $1,500; that on January 8, 1872, he lent her the sum of $1,100 to enable her to discharge said mortgage, upon

her written agreement to repay the loan, with legal interest, within ten years, or else to convey the estate to him, and also gave him then her deed of the estate as additional security; that on January 9, 1882, the said Mary, having failed to repay the loan, agreed with him in writing to give him the right and title in said estate until the loan was repaid; that on January 24, 1872, he joined with her in a mortgage for $700 on said estate for the purpose of paying the balance of said $1,500 mortgage and some other debt, and that afterwards he advanced $700 to her to enable her to take up said $700 mortgage, upon her agreement that he should have a further lien upon the estate for the same; that he has also advanced from time to time moneys to the amount of $600 or $700 for repairs and improvements, under a similar agreement; and that none of the moneys advanced have ever been repaid. The object of the suit is to have the defendants enjoined from prosecuting an action of trespass and ejectment which they, as heirs at law of said Mary, have commenced against him for the estate, and to establish and enforce an equitable lien on the estate for his advances, or to have the estate conveyed to him under the agreements of said Mary.

The agreements of January 8, 1872, and January 9, 1882, were in writing, but unsealed and unacknowledged. The other agreements above mentioned seem to have been oral, though this is not averred. The question is, whether a married woman can, by such an agreement with her husband, create a charge, lien, or trust on or in her separate statutory estate for the repayment of money borrowed of him, which a court of equity will enforce. The question is virtually answered in former decisions. *Cozzens* v. *Whitney et ux.*, 3 R. I. 79; *Angell* v. *McCullough*, 12 R. I. 47. The doctrine of the earlier decision is that a married woman has no other power over her real estate to bind it by her contracts than is conferred upon her by the statute securing the estate to her. The doctrine was reaffirmed in the latter case, in which the object of the suit was to charge the separate statutory estate of a married woman in equity for the price of a house built upon it under a written contract with her. Under the statute a married woman has no power to bind her real estate by her executory contracts, unless they are by deed executed jointly with her

husband and acknowledged privily and apart from him. The statute makes no provision under which a married woman can bind her land by contract directly with her husband. The complainant cites, and especially relies upon, the case of *Livingston* v. *Livingston,* 2 Johns. Ch. 537. In that case a married woman agreed with her husband by parol that he should buy a lot in her name and build a house on it, and that he should be repaid the cost of the house out of the proceeds of the sale of another house and lot belonging to her. The husband carried out the agreement on his part, but the wife died before she could carry it out on her part. She left infant children, to whom the legal estate in both lots descended. · In a suit by the husband against them, it was decreed that the house and lot originally belonging to the wife should be sold, and the husband reimbursed out of the proceeds. In that case, however, the second house and lot was paid for by the husband, so that there would have been a resulting trust beyond any question, if the grantee had been a stranger ; and the court were of opinion that, though the presumption was that a purchase in the name of a wife is intended as a gift to her, yet that the presumption is rebuttable by counter proof, and that in that case it was rebutted by proof of the agreement. The husband was, therefore, entitled to the second house and lot by way of resulting trust, unless the agreement was performed; and the performance, being advantageous to the infants, was decreed, the court electing for them.· The principle of the decision is explained in *Townsend* v. *Townsend,* 2 Sandf. Superior Ct. 711; 1 Bishop Law of Married Women, § 433.

Our opinion is that the complainant is not entitled to relief as sought. His case is a hard one; but we see no remedy for him, unless, by reason of his marital right, he may be entitled to partial relief by subrogation. Jones on Mortgages, 3d ed.. § 874.

*Demurrer sustained.*

*James M. Ripley,* for complainant.

*Nicholas Van Slyck, Louis L. Angell,* and *George J. West,* for respondents.